REQUESTED BY: Senator Jerome Warner Nebraska State Legislature 1000 State Capitol Lincoln, Nebraska 68509
Dear Senator Warner:
In our Opinion No. 14, issued January 27, 1983, we expressed doubt as to the validity of a provision of LB 26 that land disqualified from `greenbelt' treatment solely because of the passage of LB 26 should not be required to repay the taxes saved in the last five years because of such treatment. We felt it amounted to unreasonable class legislation, because it could, in some situations, put land disqualified by LB 26 in a more favorable situation than land not so disqualified. We will not repeat that discussion here, but refer you to that opinion.
In response, you have submitted to us an amendment to LB 26, which would strike the original provision we discussed, and substitute the following new language:
 "Land receiving special assessment as agricultural use land immediately prior to the effective date of this act that becomes disqualified on the effective date of this act solely because of the amendment of sections 77-1343, 77-1344, and 77-1347 by this legislative bill shall not be subject to subsection (1) of this section at that time, but shall be subject to subsection (1) of this section if any other event occurs which would disqualify such land if it had been receiving the special assessment as agricultural use land."
You ask two questions about the effect of such amendment. You give us a hypothetical example of land which has enjoyed special assessment as agricultural land under the law from 1978 to 1983, but becomes disqualified by the provisions of LB 26, and is then assessed at its actual value for other uses. Because of the amendment referred to above, there will be no immediate recovery of the amount of taxes saved during the preceding five years as provided in subsection (1) of § 77-1348.
You assume, however, that the land becomes disqualified in 1993 by some other event, such as being devoted to other than agricultural uses. Your question is whether, in that situation, the assessor would be required to take steps to recover the taxes saved by the owner for the period from 1978 to 1983, plus interest. We conclude that, under the statutes, as they would be amended by LB 26, as amended, the assessor would be required to do so.
We say this because § 77-1348(1)(a) provides that upon disqualification of the land the assessor shall collect the amount by which the taxes assessed against the land would have been increased if it had been valued without regard to the greenbelt provisions `during the last five or lesser number of years in which such agricultural use assessment was in effect for the land.' Under your hypothetical situation, the last five years in which the special assessment was in effect for the land would be 1978 to 1983, and under the plain language of the statute, the assessor would be required to collect the taxes saved during those years.
We wish to emphasize, however, that our answer to your question is simply one of statutory construction, and not of constitutional necessity. We are not saying that our opinion of January 27, 1983, requires such a result as a constitutional matter.
You also ask whether the disqualifying event would have to be an event which would have disqualified the land before the effective date of LB 26, in order to trigger the duty on the part of the assessor to recover the taxes saved, or whether it could be triggered by a future amendment specifying another disqualifying event. We conclude that there is nothing in your amendment which limits the disqualifying event to one specified before the effective date of LB 26. The only exception to the general rule is the amendments affected by LB 26, itself. A future amendment of the statute would be included in the description of `any other event,' as used in your amendment, and would require the appropriate action by the county assessor.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General